NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| FREDERICO GONZALEZ, | : | CIV. NO. 20-15805 (RMB) |
| Petitioner | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| WARDEN DAVID ORTIZ, | : | |
| Respondent | : | |

This matter comes before the Court upon Petitioner Frederico Gonzalez's response to the Court's Order to Show Cause why the Court should not stay this action pending the Fifth's Circuit's resolution of Petitioner's motion to reduce sentence under 28 U.S.C. § 3582(c)(1)(A)(i). (Petr's Reply, Dkt. No. 10.) Petitioner, a prisoner in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") filed the instant petition under 28 U.S.C. § 2241 alleging the spread of COVID-19 in the prison violates the Eighth Amendment and puts him at serious risk of death because he has multiple medical issues including diabetes type 1 (see Pet., Dkt. No. 1) HIV, terminal cancer, hypertension, heart conditions, peripheral neuropathy, chronic back/neck disorders necessitating surgery, and numerous other ailments (see Petr's Reply, Dkt. No. 10 at 9.) Petitioner seeks release to home confinement.

I. BACKGROUND

On May 1, 2020, Petitioner filed a "Motion for Emergency Order to Order BOP to Release Petitioner Due to Potential Death from Coronavirus" in Civil Action No. 20-5448(RMB), which this Court construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Civ. Action No. 20-5448(RMB), Order, Dkt. No. 2.) The Court dismissed the petition without prejudice for failure to exhaust administrative remedies, and Petitioner appealed to the Third Circuit Court of Appeals, which dismissed the appeal for failure to pay the filing fee. (Id., Dkt. Nos. 10, 11, 14.) Petitioner filed a motion for reconsideration (Id., Dkt. No. 15), but raised new factual allegations in support of the motion. Therefore, the Court construed the motion as a new petition and directed the Clerk to file the petition as a new action. (Id., Dkt. No. 16.)

Respondent filed an answer to the petition on November 20, 2020. (Answer, Dkt. No. 6.) Respondent asserts the following arguments in opposition to habeas relief: (1) the Court lacks subject matter jurisdiction under 28 U.S.C. § 2241; (2) the Court should decline jurisdiction because Petitioner has another available avenue for judicial relief; (3) Petitioner failed to exhaust administrative remedies; and (4) Petitioner's conditions of confinement do not violate the Eighth Amendment. (Answer, Dkt.

2

No. 6 at 2.) Acknowledging that in 1973 the U.S. Supreme Court[1] stated that it may be possible to bring a conditions of confinement claim in a petition for writ of habeas corpus, however, neither the Supreme Court nor the Third Circuit Court of Appeals has extended habeas jurisdiction over such a petition by a convicted and sentenced prisoner in more than 40 years, the Court directed Petitioner to show cause why it should not stay this matter while Petitioner pursues relief under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), based on alleged extraordinary and compelling reasons presented by Petitioner's risk of severe illness from COVID-19 at FCI Fort Dix. Petitioner's sentencing court has denied his first motion for reduction of sentence under the First Step Act, but his appeal is pending in the Fifth Circuit Court of Appeals.[2] Even if his appeal fails, conditions at Fort Dix have changed since he filed his first motion under § 3582(c)(1)(A) in the sentencing court, and Petitioner might seek relief based on new factual allegations after exhausting administrative remedies.

---

[1] Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.")

[2] USA v. Gonzalez, No. 20-10879 (5th Cir. 2020). Available at www.pacer.gov. The underlying sentencing court opinion, also available at www.pacer.gov, is USA v. Gonzalez, 3:03-cr-00329-G-13 (N.D. Tex. Aug. 3, 2020) (Order, Dkt. No. 875).

Petitioner opposes staying this action pending resolution of his motion under § 3582(c)(1)(A), asserting that: (1) it is virtually certain he will die if he is infected with COVID-19 because he is HIV positive and has other health conditions; (2) the Court has jurisdiction under 28 U.S.C. § 1331 based on Petitioner's allegation of an Eighth Amendment violation; (3) Petitioner has stated a cognizable Eighth Amendment claim based on inept management of COVID-19 at FCI Fort Dix; (4) Petitioner should not be limited to relief under 18 U.S.C. § 3582(c)(1)(A) because habeas jurisdiction also exists. (Dkt. No. 10 at 3-8.)

II. DISCUSSION

Respondent submits that the Court should decline review of the petition pending final resolution of Petitioner's motion to reduce sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). (Answer, Dkt. No. 6 at 34.) The Court will address whether a stay and abeyance is appropriate, beginning with Petitioner's opposition. First, Petitioner submits it is virtually certain he will die if he is infected with COVID-19. The Court acknowledges the danger of COVID-19, yet the facts do not support Petitioner's belief that it is virtually certain he will die if he is infected. The Court takes judicial notice[3] of the Centers for

---

[3] Federal Rule of Evidence 201(1)(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") The Court takes

4

Disease Control ("CDC") website, which states that certain underlying medical conditions pose an increased risk of severe illness from COVID-19, and other conditions may pose such a risk, based on limited evidence.[4] The CDC also reports that "8 out of 10 COVID-19 deaths reported in the U.S. have been in adults 65 years old and older."[5] The Bureau of Prisons' website, updated daily, indicates that on January 27, 2021, there were 64 inmates at FCI Fort Dix who were positive for COVID-19 and 1,414 inmates who tested positive and have recovered, and one inmate has died.[6] While it is undeniable that Petitioner is at risk of COVID-19 infection at FCI Fort Dix, as are all persons indoors in close confinement, the Court is unaware of any evidence of an underlying medical condition that poses a virtual certainty of death from COVID-19 in a person of Petitioner's age, 58.[7]

---

judicial notice of the information quoted from the CDC website and the BOP website.

[4] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited January 27, 2021).

[5] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited January 27, 2021).

[6] Available at https://www.bop.gov/coronavirus/ (last visited January 27, 2021).

[7] In his first petition for writ of habeas corpus under 28 U.S.C.

5

Second, Petitioner argues the Court has jurisdiction under 28 U.S.C. § 1331. True, Petitioner could bring a civil rights complaint for injunctive relief under § 1331, but he must first exhaust administrative remedies under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 74 (2001) ("injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally"); Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000) ("we are of the opinion that § 1997e(a), as amended by the PLRA, completely precludes a futility exception to its mandatory exhaustion requirement.") Petitioner does not dispute that he did not exhaust his administrative remedies.[8] That avenue remains open to him. Indeed, now that vaccinations may be available,[9] a prisoner at higher risk for severe illness might seek

---

§ 2241, filed on May 1, 2020, Petitioner disclosed that he was 58-years-old. Gonzalez v. Warden David Ortiz, 20-cv-5448-RMB (D.N.J.) (Pet., Dtk. No. 1 at 1.)

[8] Corrie Dobovich is a Legal Assistant with the Federal Bureau of Prisons, FCI Fort Dix, who has access to BOP records kept in the ordinary course of business. Based on her review of records, Petitioner never filed an administrative remedy request for release from custody due to COVID-19. See Dobovich Decl. ¶4 and Exhibit 2 (Dkt. No. 6-3 at 9.)

[9] According to "COVID-19 Vaccine Guidance, Federal Bureau of Prisons, Clinical Guidance January 4, 2021":

> Distribution and priority of vaccine administration will be directed by the Health Services Division of the BOP Central Office and through the local Clinical Director or

priority in vaccination by administrative remedy request. See 28 C.F.R. § 542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement.") In any event, to the extent that Petitioner seeks to proceed in this matter under § 1331 for injunctive relief, rather than under § 2241 for a writ of habeas corpus, the action is stayed pending resolution of Petitioner's case pending before the Fifth Circuit.

Third, Petitioner claims he has stated a cognizable Eighth Amendment claim. An Eighth Amendment claim, in itself, does not establish habeas jurisdiction. As the U.S. Supreme Court has hesitated to expand habeas jurisdiction in this context for more than four decades, this Court is hesitant to find jurisdiction where there is another avenue for Petitioner to seek relief, the pending appeal of his motion to reduce sentence under § 3582(c)(1)(A)(i). For these reasons, the Court will stay this matter pending resolution of Petitioner's appeal in the Fifth Circuit, including proceedings on remand, if any.

---

designee based on COVID-19 risk and vaccine availability. It will align with the Centers for Disease Control and Prevention (CDC) and Advisory Committee on Immunization Practices (ACIP) recommendations for priority populations[.]
Available at https://www.bop.gov/resources/health_care_mngmt.jsp (last visited January 27, 2021).

7

**IT IS** therefore on this **28th day of January 2021**,

**ORDERED** that the Clerk shall stay this action and hold it in abeyance pending final resolution of USA v. Gonzalez, No. 20-10879 in the Fifth Circuit Court of Appeals; including proceedings on remand, if any; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter; the parties shall advise this Court when the Fifth Circuit has resolved Petitioner's appeal, upon which the Court will reopen this matter and lift the stay.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**